UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WARREN BINGHAM as EXECUTOR OF OF THE ESTATE OF MARION BINGHAM, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 13-cv-11690-IT |
| SUPERVALU, INC., | * * | |
| Defendant. | * | |

ORDER

October 16, 2014

TALWANI, D.J.

This court hereby orders that Plaintiff's assented to Motion to Impound [#76] certain exhibits is DENIED WITHOUT PREJUDICE. The clerk is directed to return to Plaintiff the documents submitted to the court without first obtaining leave.

The court is guided in this regard by First Circuit precedent. Because the public has a "presumptive" right of access to judicial documents,[1] "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'"[2] This presumptive right of access applies to materials that "come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication,"[3] such as

---

[1] United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)).

[2] Id. (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)).

[3] F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412-13 (1st Cir. 1987); cf. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) (explaining that the presumption of access does not apply to civil discovery materials not filed with the court because "[m]uch of the information

materials filed by the parties in relation to a motion for summary judgment.

The burden is on the impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access.[4] For that reason, when seeking to file materials under seal, a party must show this court good cause for the impoundment.[5] Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'"[6] as to why a document should be sealed.[7]

Here, the party seeking to maintain the confidentiality of the materials at issue shall file by October 23, 2014, a motion to impound explaining the basis for keeping the exhibits from the public. The other party shall file either its assent or its opposition to this motion.

IT IS SO ORDERED.

Date: October 16, 2014 /s/ Indira Talwani
United States District Judge

---

that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.").

[4] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002))); Miller v. City of Bos., 549 F. Supp. 2d 140, 141 (D. Mass. 2008) ("The proponent of a Protective Order bears the burden of establishing 'good cause' for its continuation." (internal citation omitted)).

[5] See Kravetz, 706 F.3d at 60.

[6] Id. (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)).

[7] See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).

2