UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN BINGHAM AS EXECUTOR OF THE ESTATE OF MARION BINGHAM, <br><br> Plaintiff, <br><br> v. <br><br> SUPERVALU INC., <br><br> Defendant. | Civil Action No. 13-cv-11690-IT |

ORDER

October 24, 2014

TALWANI, D.J.

Plaintiff Warren Bingham, as Executor of the Estate of Marion Bingham (the "Estate"), brings this action pursuant to Massachusetts General Laws chapters 93A and 176D alleging that Supervalu Inc. ("Supervalu") failed to timely settle a prior action between the Estate and Supervalu's former subsidiary, Shaw's Supermarkets, Inc. ("Shaw's"). The court referred several discovery motions to a magistrate judge who allowed in part and denied in part the motions. See Order Def.'s Mot. Protective Order & Pl.'s Mot. Compel. [#54] [hereinafter Discovery Order]. The Estate objects to the portion of the Discovery Order [#54] excusing Supervalu from producing documents concerning one of Supervalu's subsidiaries. See Pl.'s Limited Objection Chief Magistrate Judge Boal's Discovery Order [#58]. Because the Estate has failed to demonstrate that the challenged portion of the Discovery Order is clearly erroneous or contrary to law, the court overrules its objection.

I.  Factual and Procedural Background

The factual and procedural backgrounds to this dispute are set forth in the Discovery

Order, do not appear to be in dispute, and are adopted by this court. Discovery Order at 2–3.

The challenged portion of the Discovery Order provides:

> In Document Request Nos. 29-34, the Estate seeks documents concerning Risk Planners, Inc., Arthur J. Gallagher Risk Management Services, Inc. and/or other entities affiliated with Supervalu that provide insurance-related services. [Docket No. 43, Ex. B] at 14-16. In response to these requests, Supervalu explains that "Risk Planners, Inc. was a subsidiary of Supervalu until its sale in March 2011 to Arthur J. Gallagher. Risk Planners was an insurance broker in the business of arranging for businesses to obtain insurance for commercial insurance companies. It was not involved with Shaw's or with the [Shaw's] Action and its other activities are irrelevant to the matters at issue in this litigation." Id. at 15. Based on this representation, discovery regarding Risk Planners and Arthur J. Gallagher appears beyond the scope of this case.

Id. at 18–19.

## II. Standard of Review

If a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The court reviews factual findings under the "'clearly erroneous' rubric," Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)), and gives pure questions of law plenary review, PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).

## III. Analysis

### a. Procedural Issues

Supervalu raises three procedural issues in response to the Estate's objection. First, Supervalu argues that the Estate waived any objections to the Discovery Order because at the July 16, 2014 status conference, at which Supervalu informed this court that it would file an objection to the Discovery Order, the Estate remained silent rather than informing the court that it, too, intended to file an objection. Second, at that status conference, this court ordered

Supervalu to file any objection to the Discovery Order on an expedited schedule, which Supervalu did and the Estate did not. Third, Supervalu argues that the Estate's objection fails to include a certification under Local Rule 7.1(a)(2).

Although Supervalu is correct that the better course would have been for the Estate to (a) inform this court at the status conference that it intended to file an objection, (b) file any objection on the same expedited schedule to which Supervalu adhered, and (c) meet and confer with Supervalu, the Estate has not waived its right to object. Federal Rule of Civil Procedure 72 provides that a district judge "must consider timely objections" to a magistrate judge's order and that such objections are timely if filed "within 14 days after being served with a copy" of such order. Fed. R. Civ. P. 72(a). This court's expedited schedule does not trump Rule 72.

      b. The Estate's Objection

The Estate contends that the documents related to Risk Planners, Inc. (Supervalu's wholly owned subsidiary), and Arthur J. Gallagher & Co. (the entity that purchased Risk Planners, Inc.) are needed "to develop a full factual record as to whether Supervalu was engaged in the 'business of insurance.'" The Discovery Order rejected that conclusion based on Supervalu's "representation" that Risk Planners "was not involved with Shaw's or with the [Shaw's] Action." Discovery Order at 18–19. The Estate now objects that the Discovery Order improperly relied on Supervalu's "bald statement," made "without verification, by Supervalu's counsel."

Contrary to the Estate's assertion, Supervalu's representation appears not only in its brief, but in signed interrogatory responses, which include the following response from Supervalu regarding the subsidiary at issue:

> Risk Planners was a Supervalu subsidiary which offered insurance services to other stores and independent retailers for non-Supervalu-owned stores and banners. Risk Planners, which was sold to Arthur Gallagher in 2009, had nothing to do with Shaw's defense of the Underlying Action or the payment of the judgment in the Underlying Action.

3

Def.'s Responses Pl.'s 1st Set Interrogatories, 9–10 [#25-1]. Although the magistrate judge cited to Supervalu's memorandum, the memorandum accurately reflects Supervalu's interrogatory response. Because the Discovery Order is thus neither clearly erroneous nor contrary to law, the Estate's objection [#58] is OVERRULED.

    IT IS SO ORDERED.

Date: October 24, 2014

/s/ Indira Talwani  
United States District Judge