UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN BINGHAM AS EXECUTOR OF THE ESTATE OF MARION BINGHAM,<br><br>      Plaintiff,<br><br>v.<br><br>SUPERVALU INC.,<br><br>      Defendant. | Civil Action No. 13-cv-11690-IT |

## ORDER

October 29, 2014

TALWANI, D.J.

Plaintiff Warren Bingham, as Executor of the Estate of Marion Bingham (the "Estate"), brings this action pursuant to Massachusetts General Laws chapters 93A and 176D alleging that Supervalu, Inc. ("Supervalu") failed to timely settle a prior action between the Estate and Supervalu's former subsidiary, Shaw's Supermarkets, Inc. ("Shaw's"). Before the court is Defendant's Motion (1) to Strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment or (2) for Protective Order [#84]. This motion is hereby ALLOWED in part and DENIED in part.

Under the court's scheduling order, dispositive motions were due on August 29, 2014.[1] At the July 16, 2014, scheduling conference, Defendant requested leave to address a potentially dispositive issue—whether Supervalu was "in the business of insurance" under Massachusetts General Law chapter 176D—while reserving its other summary judgment issues. The court

---

[1] See Scheduling Order [#16].

allowed this modification to the scheduling order, but did not otherwise change the deadline for filing dispositive motions.[2]  Plaintiff sought no modification in the summary judgment deadlines.

Plaintiff filed his Cross-Motion for Summary Judgment [#68] on the evening of October 3, 2014, well after the deadline for filing such motions, and without seeking leave of court for this late filing.  Accordingly, the court allows Defendant's motion to strike Plaintiff's untimely cross-motion.

Plaintiff's Memorandum of Law in Opposition to Defendant Supervalu, Inc's Motion for Summary Judgment and in Support of the Plaintiff's Cross-Motion for Summary Judgment [#69] addresses in part the issue raised by Defendant's summary judgment motion—namely, whether Supervalu was engaged in the "business of insurance."  It also includes legal argument in support of Plaintiff's argument that Supervalu failed to effectuate settlements of claims once liability became reasonably clear.  Because the cross-motion is untimely and was filed without leave of court, this additional argument is not properly before the court.  Accordingly, the court allows Defendant's motion to strike Plaintiff's memorandum.  Plaintiff may refile a redacted version of this document no later than October 31, 2014, as a Memorandum in Opposition to Defendant Supervalu Inc.'s Motion for Summary Judgment, deleting all arguments relating to the Estate's claim that Supervalu failed to effectuate settlements of claims once liability became reasonably clear.

Defendant's alternative request for a protective order is DENIED as moot.

IT IS SO ORDERED.

Date: October 29, 2014

/s/ Indira Talwani
United States District Judge

---

[2] See Electronic Clerk's Notes [#55].