```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| WARREN BINGHAM AS EXECUTOR | * |
| OF THE ESTATE OF MARION | * |
| BINGHAM, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 13-cv-11690-IT |
| | * |
| SUPERVALU INC., | * |
| | * |
| Defendant. | * |

## ORDER

March 25, 2015

TALWANI, D.J.

An entity engaged in the business of insurance engages in unfair insurance practices under Massachusetts General Laws chapters 93A and 176D by failing to effectuate a prompt, fair, and equitable settlement of claims in which liability has become reasonably clear. Plaintiff Warren Bingham, as Executor of the Estate of Marion Bingham (the "Estate"), filed suit against Defendant Supervalu, Inc. ("Supervalu") under these statutory provisions after Supervalu delayed paying a judgment against its former subsidiary, Shaw's Supermarkets, Inc. ("Shaw's"), until after an unsuccessful appeal from the judgment. Supervalu moved for summary judgment on the ground that Supervalu was not an entity engaged in the business of insurance. The Estate urged the court to deny Supervalu's motion, or alternatively to certify two questions relating to this threshold issue to the Massachusetts Supreme Judicial Court ("SJC"). The magistrate judge to whom these motions were referred concluded that the record failed to create a genuine dispute of material fact as to whether Supervalu was engaged in the business of insurance, and recommended granting Supervalu's motion for summary judgment and denying the Estate's motion for certification. See

Report & Recommendation Def.'s Mot. Summ. J. & Pl.'s Mot. Certify Questions Massachusetts Supreme Judicial Ct. [#102] [hereinafter Report & Recommendation]. The Estate raised four objections to the Report and Recommendation. After considering the Estate's objections and reviewing the objected-to portions of the Report and Recommendation de novo, see Fed. R. Civ. P. 72(b), the court finds that the Estate's objections are without merit. Accordingly, the court ADOPTS the Report and Recommendation and provides the following discussion as to several of the objections raised by the Estate.

1. <u>Plaintiff's Objection to the Magistrate Judge's Finding that the Estate Failed to Put Forth Evidence Showing that Supervalu was Engaged in the Business of Insurance</u>

The Estate contends that the magistrate judge wrongly rejected the Estate's argument that evidence of how Supervalu pooled and allocated risk supports a finding that Supervalu was engaged in the business of insurance. Pl.'s Objection 5 [#103]. The Estate's contention fails in light of <u>Morrison v. Toys "R" Us, Inc.</u>, 806 N.E.2d 388 (Mass. 2004).

In <u>Morrison</u>, a customer brought suit against Toys "R" Us for unfair claim settlement practices under Chapter 93A. <u>Morrison</u>, 806 N.E.2d at 388. The record in that case "indicate[d] that, when a claim of less than $1 million [was] made against Toys, or one of its subsidiaries, the company handle[d] that claim internally, through a risk management department in its national office designed exclusively to administer such claims." <u>Id.</u> at 389. The SJC held that Toys "R" US could not be held liable for unfair settlement practices because Toys "R" US—as a self-insured company—was not engaged in the business of insurance. <u>Id.</u> at 390-91. The SJC focused on the legislative concern underlying the statutory provision, namely that "entities that profit from selling insurance policies not abuse exclusive rights and duties to control litigation vested through those same policies." <u>Id.</u> The SJC reasoned that such a concern "cannot legitimately be extended to a self-insurer such as Toys "R" US, which had no contractual obligation to settle the plaintiff's

2

claim and is not otherwise regulated by the Commonwealth for insurance activities." Id.

Morrison underscores the importance, in determining whether an entity is engaged in the business of insurance, of insurance policies, sold for profit, which give rise to contractual obligations to settle claims. Here, there is no evidence that Supervalu sold an insurance policy to Shaw's that would give rise to a contractual obligation to settle the Estate's claim. Nor is there evidence that Supervalu was otherwise regulated by the Commonwealth for insurance activities.

The Estate further contends that Miller v. Risk Mgmt. Found. of the Harvard Med. Insts., Inc., 632 N.E.2d 841 (Mass. App. Ct. 1994) supports its argument that Supervalu was engaged in the business of insurance. The court's decision in Miller, however, is inapposite. In Morrison, the SJC explained that the "significance of the holding of the Appeals Court in the Miller case is that an insurance company cannot evade its statutory duties imposed by G.L. c. 176D by delegating its work." Morrison, 806 N.E.2d at 391. Unlike in Miller, this case does not involve a situation in which an insurance company delegated its work to an outside entity. The undisputed facts in the record show that Supervalu did not handle claims on behalf an insurance company, but handled claims on behalf of itself and its former subsidiary, Shaw's.

Additionally, the Estate contends that the magistrate judge overlooked evidence that "**Supervalu self-reported its role in Shaw's claim as an insurer.**" Pl.'s Objection 3 (emphasis in original). The Estate directs the court to a document entitled "ISO ClaimSearch" in which Supervalu is listed as both the "Insured" and "Insuring Company" in relation to a claim by Marion Bingham. Gizmunt Aff. Ex. R [#71-5]. The Estate contends that the ISO report constitutes an "admission" by Supervalu and creates a triable issue as to whether Supervalu was engaged in the business of insurance. The Estate, however, fails to provide a foundation for the report, including who created and supplied the information for the report. Without any information as to the source of the statements contained in the report, the court cannot find that the report constitutes an

3

"admission" by Supervalu or other admissible evidence that Supervalu was engaged in the business of insurance.

2. <u>Plaintiff's Objection that It Should Be Permitted Additional Time to Present Expert Testimony to Further Support its Opposition</u>

The Estate contends next that the court should defer ruling on the summary judgment motion to allow for disclosure of an expert report. Pl.'s Objection 8, 10. The magistrate judge correctly found that the deadline for the Estate to disclose experts had expired on April 30, 2014, and that it was the Estate's responsibility to have sought an extension from the court if it needed additional time. <u>See</u> Docket #55 ("Requested changes as to [non-fact discovery] scheduling deadlines shall be made by motion, with Rule 7.1 certificate."). Contrary to the Estate's assertion, the April expert deadline was never vacated. <u>See</u> Docket #47. Moreover, the magistrate judge properly found that the Estate failed to satisfy the requirements of Rule 56(d). Report & Recommendation 13, n.49. The Estate did not provide an affidavit or other authoritative submission that "'(i) explain[ed] his or her current inability to adduce the facts essential to filing an opposition, (ii) provide[d] a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicate[d] how those facts would influence the outcome of the pending summary judgment motion.'" <u>Jones v. Secord</u>, 684 F.3d 1, 6 (1st Cir. 2012) (citation omitted).[1]

---

[1] <u>See</u> Pl.'s Objection 7 ("Because the Court must resolve disputes in favor of the Estate, expert testimony is not needed at this juncture . . . ."); <u>see also</u> Am. Mem. in Opp'n to Summ. J. 5 n.4 [#87] ("The Estate reserves the right to retain an expert to opine on the <u>self-evident</u> fact that Supervalu's conduct was akin to that of an insurer and/or a TPA. The Estate has not had the ability to seek an expert at this juncture in light of Supervalu's belated compliance with duly issued discovery requests and depositions that did not take place until August 20, 2014. To the extent an expert would be useful to further establish these facts for purposes of summary judgment, a request is made pursuant to Fed. R. Civ. P. 56(d) that the Court defer a ruling on this motion to allow for disclosure of an expert report." (emphasis added)).

3. Plaintiff's Objection to the Magistrate Judge's Finding that Supervalu's Insurance-Related Activities Concerning Risk Planners, Inc. Were Irrelevant

The Estate argues that Supervalu was engaged in the business of insurance because Risk Planners, Inc., Supervalu's wholly owned subsidiary, was engaged in the business of insurance. Pl.'s Objection 11-12. The Estate's argument ignores a basic tenet of corporate law that "corporations—notwithstanding relationships between or among them—ordinarily are regarded as separate and distinct entities." Scott v. NG U.S. 1, Inc., 881 N.E.2d 1125, 1131 (Mass. 2008). The record does not provide evidence that an exception to this basic tenet applies such that Risk Planners's insurance-related activities can be attributed to Supervalu. Moreover, as the magistrate judge found, "'there is no relationship between Risk Planners and the investigation, defense, settlement, appeal, or payment of the judgment in the Underlying Action.'" Report & Recommendation 15.

4. Plaintiff's Objection to Denying the Motion to Certify Questions of Law To the SJC

The court agrees with the magistrate judge's finding that it "is able to determine with reasonable clarity the course that the SJC would take in this case" and that certification is not appropriate. Report & Recommendation 17.

5. Conclusion

For the foregoing reasons, the court ADOPTS the magistrate judge's Report and Recommendation [#102]. Supervalu's Motion for Summary Judgment [#62] is GRANTED and the Estate's Motion to Certify Questions of Law to the Supreme Judicial Court [#78] is DENIED.

IT IS SO ORDERED.

Date: March 25, 2015

/s/ Indira Talwani
United States District Judge